UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE GIPSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   Civil Action No. 05-1184 (JMF) |
| | ) |
| WELLS FARGO HOME | ) |
|   MORTAGE, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**JOINT REPORT TO THE COURT**

The parties to the above action hereby submit the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P., and LCvR 16.3. The parties have submitted separate proposed Orders (Exh. 1, 2).

1.) <u>Resolution By Dispositive Motion</u>: Plaintiff takes the position that this case is unlikely to be resolved on dispositive motion. Defendant believes that this case can be resolved by dispositive motion at or near the conclusion of the discovery period.

2.) <u>Amendment of Pleadings</u>: Plaintiff states as follows regarding amendment to the Complaint and/or initiation of a related action:

The Complaint in this action, which was originally filed on May 25, 2005, in the Superior Court of the District of Columbia, named Wells Fargo Home Mortgage, Inc., as the defendant. The Answer, filed in this Court after removal, stated that the defendant was "[m]isidentified," but admitted that plaintiff "was employed by Wells

Fargo Home Mortgage in the District of Columbia at the time of her separation." On June 20, 2005, counsel for plaintiff wrote to counsel for defendant objecting to the Answer on the ground that it was purportedly filed on behalf of someone other than the real party in interest and insisting that the Answer be withdrawn and/or amended and that the proper party be substituted in its place (Att. A). On July 5, 2005, when a response was not received, plaintiff obtained the issuance of Summonses for Wells Fargo Bank, NA, and Wells Fargo & Co., which are in the process of being served.

That same week, counsel for the parties engaged in discussions concerning a number of matters, among them the issuance of additional Summonses and the intention of plaintiff's counsel to file a new, related action naming Wells Fargo Bank, NA, and Wells Fargo & Co. as defendants. Counsel for defendant advised plaintiff's counsel that there was no reason to file this action and counsel for both parties are now engaged in discussions to ensure that one or more entities responsible for the acts at issue in this suit to which any judgment would be issued are either already joined or will be substituted in as defendants (Att. B, C).

Defendant states that it has agreed to execute a Stipulation noting that Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., and that the proper employer for purposes of this case is Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. Defendant's counsel denies ever advising Plaintiff's counsel that "Wells Fargo & Co." was the proper party in interest for purposes of this case.

3.) <u>Assignment to a Magistrate Judge</u>:  The Parties have consented to the assignment of this case to a Magistrate Judge.

4.) <u>Settlement Possibility</u>:  Plaintiff believes that settlement discussions could bring about a resolution of this case and is prepared to engage in them at any time defendant is amenable. Defendant believes that attempts to compromise are best attempted after the parties engage discovery and/or depositions, but is willing to informally discuss the matter with counsel for Plaintiff.

5.) <u>ADR</u>: Plaintiff believes that ADR would be a benefit in this case.  Defendant would be amenable to engaging in mediation after the parties have had the opportunity to engage in discovery.

6.) <u>Resolution on Summary Judgment</u>: Plaintiff does not believe that this case can properly be resolved on summary judgment. Defendant believes that this case can be resolved by summary judgment.

7.) <u>Disclosures</u>:  Plaintiff takes the position that disclosures are required by the Federal Rules of Civil Procedure and the Local Rules of this Court and proposes that initial disclosures will be made on or before 30 days after the Court issues an Initial Scheduling Order.  Defendant would agree to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

Plaintiff proposes that the parties provide home addresses and telephone numbers of persons identified in disclosures, and that the parties serve copies of all documents identified in disclosures. Defendant opposes exceeding the requirements of Rule 26(a)(1), Fed. R. Civ. P.

8.) <u>Extent of Discovery</u>: The parties respectfully submit that discovery should begin on September 1, 2005, and continue for six months, until March 1, 2006.  Plaintiff anticipates that complete development of an evidentiary record may require discovery to the extent permitted by the presumptive discovery limitations set out in the Federal Rules of Civil Procedure, but at present, does not see a need to exceed those limitation.

9.) <u>Expert Witnesses</u>:  The parties agree that expert disclosures, if any, will be made in accordance with the schedule provided under Rule 26(a)(2)(c), Fed. R. Civ. P.; and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.

10.) <u>Class Action Issues</u>: Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>: The parties at this time do not anticipate a need to bifurcate this matter, although Defendant may seek bifurcation of liability and punitive damages should this case proceed to a trial including the latter claim.

12.) <u>Date for Pretrial Conference</u>:  Plaintiff takes the position that a status conference should be scheduled after the presently scheduled close of discovery, in March of 2006.  Defendant takes the position that a status conference should only be scheduled if this case is not entirely disposed of on summary judgment.

13.) <u>Trial Date</u>:  The parties are amenable to having a firm trial date set at the pre-trial conference.

14.) <u>Other Matters</u>: A.  In removing this case from the Superior Court, defendant filed a Notice of Designation of Related

Case for <u>Gipson v. Wells Fargo Corporation, et al</u>., No. 00-2685 (JMF), which has since been assigned to this Court for all purposes. There is a dispositive motion presently pending relating to that action, and defendant to this action objects to any consolidation of these cases or to discovery in that action until that motion is adjudicated. Counsel for Defendant herein also believes that preparation of a Rule 16.3 statement is inappropriate for the related case at this time, particularly since the undersigned defense counsel does not represent the entity known as "Wells Fargo Corporation" who defense counsel contends was named the primary party in interest in that case.

    B. Counsel for both parties are committed to working cooperatively with one another to prepare routine protective orders.

SO STIPULATED:

_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C.  20004
Phone (202) 955-6968

Counsel For Plaintiff

_____
Karen A. Khan, Esq.
  D.C. Bar No. 455297
Timothy W. Romberger, Esq.
  D.C. Bar No. 458225
Khan Romberger, P.L.L.C.
1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C.  20036
Phone (202) 828-1243


Counsel For Defendant

**ATTACHMENT A**

# Robert C. Seldon & Associates, P.C.

*Attorneys-At-Law*
1319 F Street, N.W., Suite 305
Washington, DC 20004
202-955-6968 · *fax:* 202-318-2287

---

June 20, 2005

Karen Khan and Timothy Romberger
Khan and Romberger, P.L.L.C.
1025 Connecticut Avenue, N.W., Suite 1000
Washington, DC 20036

Re: <u>Gipson v. Wells Fargo Home Mortgage, Inc., No. 05-01184</u>

Dear Ms. Khan and Mr. Romberger:

Your answer in the above-cited action asserts that Ms. Gipson "[m]isidentified" the defendant as "Wells Fargo Home Mortgage, Inc." (Deft. Answer at n.1). You contend that the defendant's proper name is merely "Wells Fargo Home Mortgage" (*id.*).

We are enclosing a copy of Ms. Gipson's W-2 statement from Wells Fargo Home Mortgage, Inc. As you will notice, the company identifies itself as incorporated on the form. If your client is not the real party in interest, please promptly identify the proper respondent. If no substitution of parties is necessary, please withdraw or amend your answer in accordance with this information.

If you have any questions, please feel free to contact me at any time.

Very truly yours,

Shannon E. Hall

cc: Yvonne Gipson

01-07-2005  12:54  FROM-  2022699539  T-143  P.002/003  F-686

STATEMENT

Four copies of Form W-2 Wage and Tax Statement 2003, Dept. of the Treasury—IRS, for Yvonne W Gipson, 1735 Shepherd St NW, Washington, DC 20011. Employer: Wells Fargo & Co, Agent for: Wells Fargo Home Mortgage, Inc, Sixth and Marquette, Minneapolis, MN 55479. EIN 41-0449260. SSN 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.

Box 1 Wages: 232422.34
Box 2 Federal income tax withheld: (blank)
Box 3 Social security wages: 87000.00
Box 4 Social security tax withheld: 6394.00
Box 5 Medicare wages and tips: 245838.34
Box 6 Medicare tax withheld: 3564.66
Box 12: D 13416.00
Box 13 Retirement plan: X
Box 15 State: DC, Employer's state ID: 0181251-001
Box 16 State wages: 232422.34
Box 17 State income tax: 20421.04

**ATTACHMENT B**

| | **KHAN ROMBERGER PLLC** | |
|---|---|---|
| Karen A. Khan | 1025 CONNECTICUT AVENUE, N.W. | Timothy W. Romberger |
| Admitted: | SUITE 1000 • WASHINGTON, D. C. 20036 | Admitted: |
| District of Columbia | TELEPHONE (202) 828-1243 • FAX (202) 882-8756 | District of Columbia |
| Virginia | | Pennsylvania |
| Maryland | | New Jersey |

July 7, 2005

**VIA FACSIMILE**
**ATTORNEY-CLIENT PRIVILEGE**

Robert C. Seldon, Esq.
Robert C. Seldon & Associates, P.C.
1319 F. Street, N.W.
Suite 305
Washington, D.C. 20004

Re:   **Gipson v. Wells Fargo Home Mortgage**
         **Civil Action No.: 05-cv-01184**

Dear Mr. Seldon:

To follow-up on our earlier conversation, this will confirm that our client will agree to a substitution of the defendant in above captioned matter, reflecting the fact that Wells Fargo Home Mortgage, Inc., is no longer a viable entity, and that Ms. Gipson was formerly employed by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.. I suggest that the parties accomplish this substitution by way of praecipe. In any event, there is no reason to re-file the lawsuit next Monday as you had initially planned.

The representations herein, of course, do not pertain to Ms. Gipson's other pending lawsuit before Judge Roberts.

Very truly yours,

KHAN ROMBERGER PLLC

Timothy W. Romberger

kak/bj
Enclosures

**ATTACHMENT C**

# *Robert C. Seldon & Associates, P.C.*

*Attorneys-At-Law*
1319 F Street, N.W., Suite 305
Washington, DC 20004
202-955-6968 · fax: 202-318-2287

---

July 11, 2005

Timothy W. Romberger, Esq.
Khan Romberger, P.L.L.C.
1025 Connecticut Avenue, N.W., Suite 1000
Washington, DC 20036

   Re:   Gipson v. Wells Fargo Home Mortgage, Inc., No. 05-01184 (RWR)

Dear Tim:

  Thank you for your letter of July 7, 2005, and your assurance that there is no need to file an additional suit naming Wells Fargo Bank, NA, and/or Wells Fargo & Co., as defendants in order to ensure the participation of a proper defendant in Gipson v Wells Fargo Home Mortgage, Inc. ("Gipson II"), one that would be responsible for the defense of that action and any judgment entered by the Court. Your letter correctly notes that our discussions only concern Gipson II.

  As I discussed, before naming Wells Fargo Home Mortgage, Inc., as the defendant in Gipson II, we obtained a copy of Ms. Gipson's W-2; reviewed Wells Fargo & Company's filings with the Securities and Exchange Commission; examined the Wells Fargo website; and reviewed the registry of agents maintained by the D.C. Department of Consumer and Regulatory Affairs.

  In light of the issues surrounding service and joinder in Gipson v. Wells Fargo Corporation, et al., No. 00-2685 (RWR) ("Gipson I"), we commenced suit in Gipson II sufficiently in advance to permit the joinder of Wells Fargo & Company and Wells Fargo Bank, NA, before the expiration of the statute of limitations. On June 17, 2005, you filed an Answer on behalf of Wells Fargo Home Mortgage, which included a footnote to the effect that the defendant was misidentified as Wells Fargo Home Mortgage, Inc. On June 20, 2005, one of the associate attorneys with my firm, Shannon Hall, Esq., wrote to you and Ms. Khan and insisted that the Answer be withdrawn or amended and that the real party in interest identify itself.

  Our letter was not answered. Accordingly, on July 5, 2005, we arranged for the Clerk of the District Court to issue additional summonses in Gipson II for Wells Fargo & Company and Wells Fargo Bank, NA. As I explained in our telephone conversations last week, we were also planning on filing Gipson III naming Wells Fargo & Company and Wells Fargo Bank, NA, as

Timothy W. Romberger, Esq.
July 11, 2005
Page 2

defendants no later than July 11, 2005. Among other matters, that suit would allege that one or both of these entities did business as Wells Fargo Home Mortgage; formerly employed Ms. Gipson; would be liable for any judgment for the acts at issue in <u>Gipson II</u>; and has assets to satisfy any such judgment.

In light of our plans, your letter graciously confirmed our earlier conversations, to the effect that there was "no reason" to file <u>Gipson III</u>. We, in turn, have relied on this as a representation and did not file a new suit.

After giving the matter considerable thought, I have come up with the following solution to guaranteeing that the proper defendant is before the Court and minimizing the submissions by the entities which you represent.

If your clients consent, we will arrange for the new summonses issued in <u>Gipson II</u> to Wells Fargo & Company and Wells Fargo Bank, NA, to be delivered to you for service. You can then file whatever Answer or Answers you deem appropriate. Once we have at least one defendant answering unequivocally that it did or does business as Wells Fargo Home Mortgage; formerly employed Ms. Gipson; would be liable for any judgment issued in <u>Gipson II</u>; and has assets to satisfy any such judgment, we will stipulate to the dismissal of any superfluous defendants.

To my way of thinking, this represents the most efficient way of taking care of this matter. I would appreciate your calling me on your return to resolve this outstanding item.

Very truly yours,

Robert C. Seldon

Encl.

cc:   Yvonne Gipson

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE GIPSON, )<br> )<br>       Plaintiff, )<br> )<br> v.                                  )<br> )<br>WELLS FARGO HOME )<br>  MORTAGE, INC.,         )<br> )<br>       Defendant.      )<br>_____) | Civil Action No. 05-1184 (JMF) |

**PLAINTIFF'S PROPOSED ORDER**

Upon consideration of the parties' Joint Report To The Court, the status conference held on July 20, 2005, and the entire record in this matter;

It is hereby:

ORDERED that initial disclosures shall be made no later than thirty days from the entry of this Order.

ORDERED that discovery in this case shall commence no sooner than September 1, 2005, and be completed by March 1, 2006.

ORDERED that Counsel for both parties are to continue working cooperatively with one another to prepare routine protective orders needed to facilitate discovery, and to take account of scheduling conflicts and other issues that may arise during the course of this case.

ORDERED that the presumptive limits on discovery set forth in Rules 30 and 33, Fed. R. Civ. P., shall be in effect, absent agreement of the parties and/or leave of Court.

ORDERED that expert designations and disclosures, if any, shall be made in accordance with the schedule provided by Rule 26(a)(2)(c), Fed. R. Civ. P.; and that, if experts are designated, they will be deposed at mutually agreeable dates and times after disclosures are made.

ORDERED that dispositive motions, if any, shall be filed on or before April 1, 2006; oppositions to dispositive motions shall be filed on May 15, 2006; and replies, if any, shall be filed on May 31, 2006.

FURTHER ORDERED that if the parties wish to have this case referred for Alternative Dispute Resolution, they shall so advise the Court.

SO ORDERED this ____ day of _____, 2005.

_____
United States Magistrate Judge

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE GIPSON, | : |
| Plaintiff, | : |
| v. | : Case No. 1:05 CV 01184 (JMF) |
| WELLS FARO HOME MORTGAGE, INC., | : |
| Defendant. | : |

### DEFENDANT'S PROPOSED SCHEDULING ORDER

This matter having come before the Court for an initial Scheduling Conference, and the Court having considered the Joint Report to the Court submitted by counsel, and the representations made in open court, it is hereby ORDERED that:

1. This case shall proceed with the following schedule to run from September 1, 2006:

    a) Exchange Witness Lists (45 days)

    b) Deadline for Discovery Requests (60 days)

    c) Plaintiff's Expert Report and Designation (75 days)

    d) Defendant's Expert Report and Designation (105 days)

    e) All Discovery Closed (180) days

    f) Deadline for Filing Motions (230 days)

    g) Pre-Trial Conference (90 days after dispositive motion deadline)

    h) Trial Date (to be set at pre-trial conference)

2. As of the time of the Scheduling Conference, the parties have no stipulations regarding legal or factual issues.

3. Extensions of Discovery will be granted only upon good cause shown. The parties agree to the limits of the Local Rules for interrogatories and depositions.

      4.      The Court may schedule a status/settlement conference *sua sponte*, .or at the request of both parties.

 

                                              _____
                                              United States Magistrate Judge