UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YVONNE GIPSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1184 (JMF) |
| | ) | |
| WELLS FARGO HOME | ) | |
|   MORTAGE, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

| | | |
|---|---|---|
| YVONNE GIPSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 00-2865 (JMF) |
| | ) | |
| WELLS FARGO CORPORATION, | ) | |
|   et al. | ) | |
| | ) | |
|     Defendants. | ) | |

**AMENDED JOINT REPORT TO THE COURT**

    The parties to the above actions hereby submit the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P., and LCvR 16.3. The parties have submitted separate proposed Orders (Exh. 1, 2).

    1.) <u>Resolution By Dispositive Motion</u>: Plaintiff takes the position that this case is unlikely to be resolved on dispositive motion. Defendant believes that this case can be resolved by dispositive motion at or near the conclusion of the discovery period.

    2.) <u>Amendment of Pleadings</u>: Plaintiff anticipates the possibility of amending the Complaint in No. 05-1184, if she receives

a right to sue letter from the EEOC during the pendency of this action.  Plaintiff does not foresee that any additional discovery would be needed to prosecute these claims.

   3.) <u>Assignment to a Magistrate Judge</u>:   The Parties have consented to the assignment of this case to a Magistrate Judge.

   4.) <u>Settlement Possibility</u>:   Plaintiff believes that settlement discussions could bring about a resolution of these cases and is prepared to engage in them at any time defendant is amenable. Defendant believes that attempts to compromise are best attempted after the parties engage discovery and/or depositions, but is willing to informally discuss the matter with counsel for Plaintiff.

   5.) <u>ADR</u>: Plaintiff believes that ADR would be a benefit in these cases.  Defendant would be amenable to engaging in mediation after the parties have had the opportunity to engage in discovery.

   6.) <u>Resolution on Summary Judgment</u>: Plaintiff does not believe that these cases can properly be resolved on summary judgment. Defendant believes that they can be resolved by summary judgment.

   7.) <u>Disclosures</u>:   Plaintiff takes the position that disclosures are required by the Federal Rules of Civil Procedure and the Local Rules of this Court are required and proposes that initial disclosures will be made on or before 30 days after the Court issues an Initial Scheduling Order.  Defendant would agree to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

   Plaintiff proposes that the parties provide home addresses and telephone numbers of persons identified in disclosures, and that the parties serve copies of all documents identified in disclosures.

Defendant opposes exceeding the requirements of Rule 26(a)(1), Fed. R. Civ. P.

    8.) <u>Extent of Discovery</u>: The parties respectfully submit that discovery should begin on November 1, 2005, and continue for seven months, until June 1, 2006. Plaintiff anticipates that complete development of an evidentiary record may require discovery to the extent permitted by the presumptive discovery limitations set out in the Federal Rules of Civil Procedure, but at present, does not see a need to exceed those limitation.

    9.) <u>Expert Witnesses</u>: The parties agree that expert disclosures, if any, will be made in accordance with the schedule provided under Rule 26(a)(2)(c), Fed. R. Civ. P.; and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.

    10.) <u>Class Action Issues</u>: Not relevant.

    11.) <u>Bifurcation Of Liability And Damages</u>: The parties at this time do not anticipate a need to bifurcate this matter, although Defendant may seek bifurcation of liability and punitive damages should this case proceed to a trial including the latter claim.

    12.) <u>Date for Pretrial Conference</u>: Plaintiff takes the position that a status conference should be scheduled after the presently scheduled close of discovery, in June of 2006. Defendant takes the position that a status conference should only be scheduled if this case is not entirely disposed of on summary judgment.

    13.) <u>Trial Date</u>: The parties are amenable to having a firm trial date set at the pre-trial conference.

14.) <u>Other Matters</u>:  A.  The parties propose that these two actions be consolidated for all purposes.

B.  Counsel for both parties are committed to working cooperatively with one another to prepare routine protective orders.

SO STIPULATED:

_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C.  20004
Phone (202) 955-6968

Counsel For Plaintiff


_____
Karen A. Khan, Esq.
  D.C. Bar No. 455297
Timothy W. Romberger, Esq.
  D.C. Bar No. 458225
Khan Romberger, P.L.L.C.
1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C.  20036
Phone (202) 828-1243

Counsel For Defendants

Case 1:05-cv-01184-JMF     Document 14     Filed 08/26/2005     Page 5 of 10

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE GIPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1184 (JMF) |
| ) | |
| WELLS FARGO HOME ) | |
|   MORTAGE, INC., ) | |
| ) | |
| Defendant. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |
| | |
| YVONNE GIPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 00-2865 (JMF) |
| ) | |
| WELLS FARGO CORPORATION, ) | |
|   et al. ) | |
| ) | |
| Defendants. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

**PLAINTIFF'S PROPOSED ORDER**

Upon consideration of the parties' Joint Report To The Court, the status conference held on September 1, 2005, and the entire record in this matter;

It is hereby:

ORDERED that the above captioned cases are consolidated for all purposes.

ORDERED that initial disclosures shall be made no later than thirty days from the entry of this Order.

ORDERED that discovery in these consolidated cases shall commence on November 1, 2005, and be completed by June 1, 2006.

ORDERED that the presumptive limits on discovery set forth in Rules 30 and 33, Fed. R. Civ. P., shall be in effect, absent agreement of the parties or leave of Court.

ORDERED that expert designations and disclosures, if any, shall be made in accordance with the schedule provided by Rule 26(a)(2)(c), Fed. R. Civ. P.; and that, if experts are designated, they will be deposed at mutually agreeable dates and times after disclosures are made.

ORDERED that Counsel for both parties are to continue working cooperatively with one another to prepare routine protective orders needed to facilitate discovery, and to take account of scheduling conflicts and other issues that may arise during the course of these cases.

ORDERED that dispositive motions, if any, shall be filed on or before July 17, 2006; oppositions to dispositive motions shall be filed on September 5, 2006; and replies, if any, shall be filed on September 19, 2006.

FURTHER ORDERED that if the parties wish to have this case referred for Alternative Dispute Resolution, they shall so advise the Court.

SO ORDERED this ____ day of _____, 2005.

_____
United States Magistrate Judge

Case 1:05-cv-01184-JMF   Document 14   Filed 08/26/2005   Page 8 of 10

**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YVONNE GIPSON, | : |
| Plaintiff, | : |
| v. | : Case No. 1:05 CV 01184 (JMF) |
| WELLS FARO HOME MORTGAGE, INC., | : |
| Defendant. | : |

## **DEFENDANT'S PROPOSED SCHEDULING ORDER**

This matter having come before the Court for an initial Scheduling Conference, and the Court having considered the Joint Report to the Court submitted by counsel, and the representations made in open court, it is hereby ORDERED that:

1. This case shall proceed with the following schedule to run from November 1, 2006:

    a) Exchange Witness Lists (45 days)

    b) Deadline for Discovery Requests (60 days)

    c) Plaintiff's Expert Report and Designation (75 days)

    d) Defendant's Expert Report and Designation (105 days)

    e) All Discovery Closed (180) days

    f) Deadline for Filing Motions (230 days)

    g) Pre-Trial Conference (90 days after dispositive motion deadline)

    h) Trial Date (to be set at pre-trial conference)

2. As of the time of the Scheduling Conference, the parties have no stipulations regarding legal or factual issues.

3. Extensions of Discovery will be granted only upon good cause shown. The parties agree to the limits of the Local Rules for interrogatories and depositions.

4.  The Court may schedule a status/settlement conference *sua sponte*, .or at the request of both parties.

_____
United States Magistrate Judge