UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YVONNE GIPSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 00-2865 (JMF) |
| WELLS FARGO CORP. *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| YVONNE GIPSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-1184 (JMF) |
| WELLS FARGO HOME MORTGAGE, INC. | ) | |
| Defendant. | ) | |

**PRETRIAL PROCEDURES ORDER**

This case is before the Court upon consent of the parties to a trial before a United States Magistrate Judge. A five-day trial is currently scheduled for November 6, 2006. A pre-trial conference will be held on October 16, 2006 at 10:00 a.m. In preparation for trial, it is, hereby,

**ORDERED** that the parties comply with the following directives:

The parties shall file a **Joint Pretrial Statement** at least eleven (11) days prior to the date

of the pretrial conference.  To accomplish this, the parties shall meet and confer, upon the arrangement by counsel for plaintiff, prior to the filing of the Joint Pretrial Statement to discuss all pretrial matters.  The Joint Pretrial Statement shall contain the following information as required in Local Rule 16.5(b):

    1)    <u>A statement of the case</u>;

    2)    <u>A statement of claims made by the party</u>;

    3)    <u>A statement of defenses raised by the parties</u>;

    4)    <u>A schedule of the witnesses to be called by the party</u>;

Specifically, the first subdivision under witnesses shall be entitled "Witnesses which both Parties shall Call."  The parties should indicate the anticipated duration of each witness's testimony and a brief summary of his or her anticipated testimony.  The second subdivision shall be entitled "Plaintiff's Witnesses" and shall follow the same format as to each of the witnesses plaintiff intends to call but whom defendant does not.  The third subdivision shall be entitled "Defendant's Witnesses" and shall follow the same format as to each witness defendant intends to call but whom plaintiff does not.  The parties shall also indicate any objections to any witness named.

    5)    <u>A list of exhibits to be offered in evidence by the party</u>;

Specifically, counsel shall exchange their proposed exhibits.  The first subdivision under exhibits shall be entitled "Joint Exhibits."  In this subdivision, the parties shall list all the exhibits to which neither party has any objection and shall identify each such exhibit by a joint exhibit number, date, and author.  A brief summary of the exhibit shall also be provided.  The parties shall use the following format:

| JEX # | Date | Author | Summary |
|---|---|---|---|
| 1 | 10/21/95 | Smith | Memorandum re: job assignments |

Once the exhibits have been exchanged, each party shall examine the other's exhibits, and as to each exhibit proffered, indicate whether it has any objection, and, if it does, the reason for such objection. The second subdivision of the portion of the Pretrial Statement entitled "Exhibits" shall be entitled "Plaintiff's Exhibits." In it, plaintiff will list his exhibits and defendant will note his objection using the following format:

| PEX # | Date | Author | Summary | Objection | Fed. R. Evid |
|---|---|---|---|---|---|
| 1 | 10/21/95 | Smith | Memorandum re: job assignments | Relevance | 403 |

The third subdivision of the portion of the Pretrial Statement entitled "Exhibits" shall be entitled "Defendant's Exhibits." In it defendant will list his exhibits and plaintiff will note his objection using the identical format.    All exhibits listed by either party in the statement required by this Order shall be presumed to be authentic unless objection to their authenticity is made in the Pretrial Statement.

If the exhibit[1] was not disclosed either specifically or by category as a document that a party might use to support a claim or defense in a statement filed by that party pursuant to Fed. R. Civ. P. 26(a)(1), that exhibit may not be admitted into evidence unless the court finds that the failure to disclose it was harmless. Fed. R. Civ. P. 37(c)(1).

If the parties have waived the exchange of disclosures required by Fed. R. Civ. P.

---

[1] "Exhibit" in this context means a document, data compilation, or tangible thing. See Fed. R. Civ. P. 26(a)(1).

26(a)(1), then no objection shall be entertained to an exhibit on the ground that it was disclosed for the first time in a party's Pretrial Statement, unless the party objecting has unsuccessfully sought to learn about the existence of the document by discovery and the court finds the information to have been wrongfully withheld.

    The obligations imposed by this paragraph do not apply to exhibits that are offered solely for the purposes of rebuttal or impeachment, with the understanding that the Court will entertain any other objection to them, including unfair surprise and resulting irreparable, unfair prejudice.

6) <u>A designation of depositions, or portion thereof, to be offered in evidence by the party</u>;

Specifically, if either party contemplates using a deposition in *lieu* of live testimony, that party shall designate the deposition to be used and identify by page and line number the portions of the deposition to be used. The opposing party will then (a) designate by page and line number what additional portions of the deposition it intends to offer and (b) state whatever objections it has to the portion of the deposition which its opponent has designated. The parties will then meet and prepare a version of the deposition which shows by type face or interlineation: (a) the portions of the deposition which the parties are agreed may be read to the jury, (b) the portions of the deposition which plaintiff wishes to read to the jury but to which defendant objects, and (c) the portions of the deposition which defendant wishes to read to the jury but to which plaintiff objects.

7) <u>An itemization of damages the party seeks to recover</u>;

Specifically, plaintiff's counsel shall share with defendant's counsel its damage calculation. The parties shall then confer as to whether they can agree as to the proper calculation with the understanding that defendant, by agreeing to the calculation, is not conceding plaintiff's entitlement to any damages. If parties can agree on the calculation, they shall so indicate in a section of the Joint Pretrial Statement entitled "Damage Calculation" and shall provide the amount and an explanation of how they arrived at that amount. If they cannot agree, plaintiff shall insert into the Joint Pretrial Statement a section entitled "Plaintiff's Damage Calculation" in which he will set forth with precision and exacting detail the elements of the damages he claims to include, such as back pay, front pay, retirement benefits, and leave.

Defendant shall insert into the Joint Pretrial Statement a section entitled "Defendant's Damage Calculation" setting forth the amount of damages defendant claims is the maximum plaintiff could claim if he secured relief on all counts of the complaint and a detailed explanation of how defendant arrived at that amount.

8) <u>A request for other relief sought by the party;</u>

9) <u>An estimate of the length of each party's case;</u>

The parties shall file any motions *in limine* no later than fifteen (15) calendar days prior to the date of the pretrial conference; oppositions shall be due no later than ten (10) days prior to the pretrial conference; and replies shall be due no later than five (5) days before the pretrial conference. Counsel are to deliver courtesy copies of these submissions directly to chambers.

10) <u>Proposed jury voir dire questions</u> (in cases to be tried to a jury);

In all cases before me, I will use the standard jury instructions I have posted on the U.S. District Court website, unless written objection thereto is submitted in the joint pretrial statement in a separate section entitled "Plaintiff's [Defendant's] Objections To The Court's Instructions." Any party may also include a section in the joint pretrial statement entitled "Plaintiff's [Defendant's] Request For Additional Instructions," in which a party may propose additional instructions. A party shall support any objection or addition by a reference to the appropriate legal authority.

If the case involves a Title VII claim of a) discrimination, b) retaliation, or c) both discrimination and retaliation, I will also use the model jury instructions that relate to those specific claims. To access all of my jury instructions, go the U.S. District Court website and click on "Rules and Opinions." Next, click on "Copies of Standing Orders." Finally, click on "Judge

Facciola - Standing Orders."

The parties shall jointly file proposed jury voir dire questions at least three (3) business days prior to the pretrial conference.

11) <u>Proposed verdict form</u> (in cases to be tried to a jury).

The parties shall jointly file a proposed verdict form at least three (3) business days prior to the pretrial conference.

**All of the above materials are to be jointly filed and the submission should reflect a good faith effort to resolve any disagreements. Where disagreements remain, the document should be organized to show items of agreement and to display, in some adjacent fashion, the parties' respective alternatives or objections on the items of disagreement.** It is further, hereby,

**ORDERED** that in addition to the filing of the Joint Pretrial Statement and the depositions to be used during trial, a courtesy copy of these materials, with the portions of the depositions to be used clearly marked, shall be delivered directly to chambers eleven (11) days prior to the pretrial conference. It is further, hereby,

**ORDERED** that if the parties require any special equipment, such as an Elmo for presenting exhibits, a television for presenting videotapes, or equipment for videoconferencing, the parties shall contact John Cramer at (202) 354-3019 to make such arrangements at least ten (10) days prior to trial. Finally, it is, hereby,

**ORDERED** that failure to appear at the pretrial conference or to comply with the requirements of this order will subject the party or attorney to appropriate sanctions under the rules.

**SO ORDERED.**

                                            _____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: