IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE GIPSON, | : |
| Plaintiff, | : |
| v. | : Case No. 1:05 CV 01184 (JMF) |
| WELLS FARO HOME MORTGAGE, INC., *et al.* | : |
| Defendants. | : |

## ANSWER TO FIRST AMENDED COMPLAINT

**COMES NOW**, Wells Fargo Bank, N.A., which operates Wells Fargo Home Mortgage, (hereinafter "Defendant")[1], by and through its undersigned attorneys, and Answers Plaintiff's First Amended Complaint, by stating as follows:

## AS TO "PRELIMINARY STATEMENT"

1.  Defendant denies each and every allegation contained in paragraph 1 of the First Amended Complaint, except admits that Plaintiff was formerly employed by an entity known as Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. It is further admitted that Plaintiff was formerly employed by Wells Fargo Home Mortgage, Inc., an entity which is no longer in existence. It is further admitted that Plaintiff holds herself out as being a 64 year old African American woman who is attempting to assert a claim arising under the District of

---

[1] Wells Fargo & Company is not required to join in this answer, having been conditionally dismissed from this lawsuit by Order of this Court dated August 18, 2005. Defendant also denies that Wells Fargo Home Mortgage Inc. is a proper party in interest for purposes of this case, as it is no longer in existence. Further, Plaintiff has effectively stipulated to the dismissal of these entities in her Response to the Show Cause Order (Docket No. 51). To the extent that they are not dismissed, these entities join in this answer, except deny that they are proper Defendants for purposes of this case.

Columbia Human Rights Act.

2.  Defendant denies each and every allegation contained in paragraph 2 of the First Amended Complaint, and strict proof is therefore demanded.

3.  Defendant denies each and every allegation contained in paragraph 3 of the First Amended Complaint, except admits that Plaintiff was terminated on or about July 12, 2004. By way of further answer, Plaintiff also submitted a written resignation on July 15, 2004.

4.  Defendant denies the allegations contained in paragraph 4 of the First Amended Complaint as phrased, and further denies any inference or suggestion that Plaintiff did not engage in conduct justifying discharge.

5.  The allegations of paragraph 5 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

6.  Defendant denies any liability for the conduct alleged, and specifically denies that Plaintiff would be entitled to any redress or remedies set forth in paragraph 6 of the First Amended Complaint.

## AS TO "PARTIES, JURISDICTION, AND VENUE"

7.  Defendant denies each and every allegation contained in paragraph 7 of the First Amended Complaint, except admits that Plaintiff holds herself out as being a 64 year old African American woman who is resides in the District of Columbia. It is further admitted that Plaintiff was formerly employed by Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.

The remaining allegations contained in paragraph 7 of the First Amended Complaint concerning retaliatory discharge constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

8. Defendant denies each and every allegation contained in paragraph 8 of the First Amended Complaint, and strict proof is therefore demanded.

9. Defendant denies each and every allegation contained in paragraph 9 of the First Amended Complaint, except admits that Wells Fargo Bank, N.A., which operates Wells Fargo Home Mortgage, is a national banking association organized and existing under the laws of the United States of America.

10. No response is required to the allegations contained in paragraph 10 of the First Amended Complaint, as they are directed at a party which has been conditionally dismissed from this lawsuit. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

11. Defendant denies each and every allegation contained in paragraph 11 of the First Amended Complaint, except admits that jurisdiction is now proper in the United States District Court for the District of Columbia, having been removed on June 14, 2005.

## AS TO "STATEMENT OF THE CASE"

12. Defendant denies each and every allegation contained in paragraph 12 of the First Amended Complaint, except admits Plaintiff's responsibilities partially involved originating

residential loan mortgages. Defendants denies knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff holds a Master of Science Degree from the University of South Carolina and that she has 35 years of experience in real estate, financing, and management, and strict proof is therefore demanded.

13. Defendant denies each and every allegation contained in paragraph 13 of the First Amended Complaint, except admits that Plaintiff was employed by Norwest Mortgage, Inc., from approximately February of 1996 through April of 2000. Beginning on or about April 17, 2000, Plaintiff was employed as a mortgage consultant for Wells Fargo Home Mortgage, Inc., and later Wells Fargo Home Mortgage through the date of her separation, working from an office based in the District of Columbia.

14. Defendant denies each and every allegation contained in paragraph 14 of the First Amended Complaint, except admits that Plaintiff's duties with Wells Fargo Home Mortgage included, but were not limited to, loan origination for purchase and renovation of homes.

15. Defendant denies each and every allegation contained in paragraph 15 of the First Amended Complaint, except admits that in or around May of 1998, Plaintiff internally raised issues concerning her employment.

16. Defendant denies each and every allegation contained in paragraph 16 of the First Amended Complaint, except admits that in the fall of 1998, a settlement was reached between Plaintiff and her employer, Norwest Mortgage, Inc., in the approximate sum of $26,155,19.

4

17. Defendant denies each and every allegation contained in paragraph 17 of the First Amended Complaint, and strict proof is therefore demanded.

18. Defendant denies each and every allegation contained in paragraph 18 of the First Amended Complaint, except admits that Plaintiff applied for a Branch Manager position with Norwest Mortgage, Inc. The remaining allegations concerning paragraph 18 of the First Amended Complaint concerning who was the best qualified candidate constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

19. Defendant denies each and every allegation contained in paragraph 19 of the First Amended Complaint, and strict proof is therefore demanded.

20. Defendant denies each and every allegation contained in paragraph 20 of the First Amended Complaint, except admits that Plaintiff filed a charge of discrimination against Norwest Mortgage, Inc., in November of 1999.

21. Admitted.

22. Defendant denies each and every allegation contained in paragraph 22 of the First Amended Complaint, except admits that Plaintiff initiated suit in November of 2000 in a matter styled <u>Yvonne Gipson v. Wells Fargo Corporation</u>, Civ. Action No. 00-2865.

23. Defendant denies each and every allegation contained in paragraph 23 of the First Amended Complaint, and strict proof is therefore demanded.

24. Defendant denies each and every allegation contained in paragraph 24 of the First Amended Complaint, and strict proof is therefore demanded.

25. Defendant denies each and every allegation contained in paragraph 25 of the First Amended Complaint, except admits that Plaintiff was discharged on or about July 12, 2004.

26. Defendant denies each and every allegation contained in paragraph 26 of the First Amended Complaint, except admits that Plaintiff was discharged for violation of company policies.

27. Defendant denies each and every allegation contained in paragraph 27 of the First Amended Complaint, and strict proof is therefore demanded.

28. Defendant denies each and every allegation contained in paragraph 28 of the First Amended Complaint, and strict proof is therefore demanded.

29. Defendant denies each and every allegation contained in paragraph 29 of the First Amended Complaint, and strict proof is therefore demanded.

30. Defendant denies each and every allegation contained in paragraph 30 of the First Amended Complaint, and strict proof is therefore demanded.

31. The allegations of paragraph 31 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

## AS TO "COUNT I"
### (Retaliation Under the D.C. Human Rights Act)

32. Defendant incorporates by reference its response to paragraphs 1 through 31 of the

First Amended Complaint as if fully set forth herein.

33. The allegations of paragraph 33 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

34. The allegations of paragraph 34 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

35. The allegations of paragraph 35 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

36. The allegations of paragraph 36 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

37. The allegations of paragraph 37 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

38. The allegations of paragraph 38 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

39.     The allegations of paragraph 39 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

### AS TO "COUNT II"
### (Retaliation Under the D.C. Human Rights Act)

40.     Defendant incorporates by reference its response to paragraphs 1 through 39 of the First Amended Complaint as if fully set forth herein.

41.     The allegations of paragraph 41 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

42.     The allegations of paragraph 42 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

43.     The allegations of paragraph 43 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

44.     The allegations of paragraph 44 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

45      The allegations of paragraph 45 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required,

Defendant denies these allegations, and strict proof is therefore demanded.

46. The allegations of paragraph 46 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

47. The allegations of paragraph 47 of the First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies these allegations, and strict proof is therefore demanded.

### AS TO "PRAYER FOR RELIEF"

WHEREFORE, Defendant specifically denies any liability for the conduct alleged, and specifically denies that Plaintiff would be entitled to any relief demanded in sub-paragraphs (A) through (F) of her prayer for relief, and therefore respectfully requests that Plaintiff's claims be dismissed and that judgment be entered against the Plaintiff.

### AS TO "JURY DEMAND"

It is admitted that Plaintiff demands a trial by jury.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the First Amended Complaint, Defendant alleges as follows:

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

9

## SECOND DEFENSE

Some or all of the claims set forth in the First Amended Complaint are barred by the applicable statute of limitations, or jurisdictional prerequisites to suit.

## THIRD DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rule, regulations or guidelines.

## FOURTH DEFENSE

Any action which the Plaintiff received during her employment were administered for legitimate, non-retaliatory reasons.

## FIFTH DEFENSE

Plaintiff has failed to mitigate her own damages, if any, which a reasonable and prudent person in like circumstances would have done, and this failure contributed to and proximately caused any damages she claims to have sustained.

## SIXTH DEFENSE

Plaintiff's claims are barred or precluded by estoppel, release, laches, or waiver.

## SEVENTH DEFENSE

Plaintiff engaged in misconduct in accordance with <u>McKennon v. Nashville Banner Publishing Company</u>, 115 S.Ct. 879 (1995), so as to limit any damages she may be entitled to recover.

## EIGHTH DEFENSE

Defendant reserves the right to amend their answer, to add additional or other defenses; to delete or withdraw defenses; and to add counterclaims as they may become necessary after reasonable opportunity for appropriate discovery.

Respectfully submitted,

**KHAN ROMBERGER PLLC**

BY: /s/ _____
Karen A. Khan, Esquire
D.C. Bar No. 455297
Timothy W. Romberger, Esquire
D.C. Bar No. 458225
1025 Connecticut Avenue
Suite 1000
Washington, D.C. 20036
(202) 828-1243
**ATTORNEYS FOR DEFENDANT**

Dated: September 22, 2005