UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YVONNE GIPSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 00-2865 (JMF) |
| WELLS FARGO CORPORATION, *et al.*, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| YVONNE GIPSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-1184 (JMF) |
| WELLS FARGO HOME MORTGAGE, INC., *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

These cases were referred to me, upon the consent of the parties, for all purposes including trial. Currently pending before me for resolution is the issue of whether defendants *Wells Fargo Corporation* and *Wells Fargo & Company* should be dismissed from these consolidated cases. For the reasons stated below, I find that both *Wells Fargo Corporation* and *Wells Fargo & Company* should be dismissed.

**DISCUSSION**

On November 29, 2000, plaintiff filed Civil Action No. 00-2865 against only *Wells*

*Fargo Corporation* alleging race, sex, and age discrimination in employment. *Wells Fargo Corporation* filed a motion to dismiss, in part, on the ground that plaintiff sued the wrong entity, specifically, that plaintiff should have brought the action against her employer, *Wells Fargo Home Mortgage, Inc.*, rather than *Wells Fargo Corporation*. Accordingly, plaintiff filed an Amended Complaint, adding as defendant not only *Wells Fargo Home Mortgage, Inc.*, but also *Norwest Mortgage, Inc.* and *Wells Fargo & Company*. On May 25, 2005, plaintiff had filed Civil Action No. 05-1184 against *Wells Fargo Home Mortgage, Inc.*

On August 18, 2005, I denied *Wells Fargo Corporation's* motion dismiss Civil Action No. 00-2865 on the ground that plaintiff had amended her complaint to add as defendants *Wells Fargo Home Mortgage, Inc.*, *Norwest Mortgage, Inc.*, and *Wells Fargo & Company* and that the amended complaint related back to the date of plaintiff's initial complaint. However, I dismissed *Norwest Mortgage, Inc*. because that entity no longer existed. In order to determine who the proper defendant(s) should be, I ordered plaintiff to show cause why *Wells Fargo Corporation* and *Wells Fargo & Company* should not also be dismissed as defendants, leaving only her former employer, *Wells Fargo Home Mortgage, Inc.*

In the midst of the briefing on the issue of who the proper defendant(s) should be, Civil Action No. 00-2865 and Civil Action No. 05-1184 were consolidated. On September 8, 2005, plaintiff filed an amended complaint in Civil Action No. 05-1184 adding *Wells Fargo Bank, N.A.* and *Wells Fargo & Company* as defendants.

In response to the show cause order, plaintiff filed a brief in which she stated that she would not object to the dismissal of *Wells Fargo Corporation*, but that *Wells Fargo & Company* must remain a defendant. <u>Plaintiff's Response to the Court's Order of August 18, 2005</u> at 1.

Plaintiff explained that, based on information from defendants, *Wells Fargo Home Mortgage, Inc.,* is no longer an incorporated entity and, therefore, cannot be sued, but that it is unclear whether the unincorporated *Wells Fargo Home Mortgage* is now a part of *Wells Fargo Bank, N.A.* or a part of *Wells Fargo & Company*. Id. at 2-3.  Plaintiff expressed concern over dismissing *Wells Fargo & Company* as a defendant because it may have assets that could be levied upon to satisfy a judgment in her favor. Id. at 3.

In response, defendants filed a brief in which they asserted that the only proper defendant to either lawsuit is *Wells Fargo Bank, N.A.* because plaintiff's former employer, *Wells Fargo Home Mortgage, Inc.,* is no longer an incorporated entity and is now a division of *Wells Fargo Bank, N.A.* Defendant's Reply to Show-Cause Order at 2-3.  To assuage plaintiff's concerns regarding the ability to recover any judgment in her favor, defendants represented that *Wells Fargo Bank, N.A.* has sufficient assets to satisfy any such judgment. Id. at 3.

On September 20, 2005, plaintiff filed a reply brief agreeing with defendants' proposal to substitute *Wells Fargo Bank, N.A.* as the sole defendant in both Civil Action No. 00-2865 and Civil Action No. 05-1184. Plaintiff's Response to Defendants' Response to Show-Cause Order at 1.  Plaintiff conditioned her agreement, however, on defendants' representation that *Wells Fargo Bank, N.A.* has sufficient assets to satisfy any judgment obtained by plaintiff against it and the assumption that *Wells Fargo Bank, N.A.* has waived any opportunity to contest the adequacy of service. Id. at 1 n.1.

Because the parties appear to be in agreement that *Wells Fargo Bank, N.A.* should be the sole defendant in these consolidated cases, I find that both *Wells Fargo & Company* and *Wells Fargo Corporation* should dismissed and that *Wells Fargo Bank, N.A.* should be the sole

defendant in both cases.

## CONCLUSION

Accordingly, it is, hereby, **ORDERED** that

1. In Civil Action No. 05-1184, *Wells Fargo & Company* is **DISMISSED** without prejudice as defendant; and it is further **ORDERED** that

2. In Civil Action No. 00-2865, *Wells Fargo Corporation* and *Wells Fargo & Company* are **DISMISSED** without prejudice as defendants and *Wells Fargo Bank, N.A.* is substituted as party defendant.

This order is based on the representation that

1. *Wells Fargo Bank, N.A.* has sufficient assets to satisfy any judgment in plaintiff's favor; and

2. *Wells Fargo Bank, N.A.* has waived any right to contest the adequacy of plaintiff's service of process upon it.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: