UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE GIPSON, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO CORP. *et al.*, <br><br> Defendants. | Civil Action No. 00-2865 (JMF) |
| YVONNE GIPSON, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, INC. <br><br> Defendant. | Civil Action No. 05-1184 (JMF) |

**NOTICE**

These consolidated employment discrimination actions were referred to me, upon consent of the parties, for all purposes including trial. A telephone conference was held on June 20, 2006 pursuant to the Scheduling Order, which instructs the parties to contact chambers for a brief telephone conference prior to filing any discovery motion.

During the conference call, defendant advised the Court that it takes the position that plaintiff's expert disclosures include inadmissible testimony. As I understand the situation, defendant intends to challenge plaintiff's expert disclosures by filing, prior to the deadline for

filing summary judgment motions, a motion to strike those disclosures. I would like to point out that, in opposing defendant's yet to be filed motion for summary judgment, plaintiff will likely have to present evidence from which it can reasonably be inferred that defendant's stated reason for terminating her employment was a pre-text for discrimination. Such a showing by plaintiff would likely involve the expert testimony presently at issue. In its reply brief, defendant would have the opportunity to challenge plaintiff's evidence of pre-text on the ground that, to the extent that she relies on the expert testimony at issue, her argument is based on inadmissible evidence, which cannot be used to defeat a motion for summary judgment. See Fed. R. Civ. P. 56(e). I do not see how defendant would be prejudiced if, instead of resolving the present issue pursuant to a motion to strike, the issue is briefed and resolved on summary judgment. Moreover, plaintiff has offered defendant the opportunity to depose her expert, despite the fact that discovery is now closed, and I would allow such a deposition to take place.

      However, in contacting the Court to arrange the June 20, 2006 conference call, defendant has fulfilled its obligation under the Scheduling Order. It is up to defendant to determine how to most effectively litigate this case and to decide whether or not to file a motion to strike plaintiff's expert disclosures.

      **SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: