Page 1

1         UNITED STATES DISTRICT COURT

2         FOR THE DISTRICT OF COLUMBIA

3    - - - - - - - - - - - - - - -X

4    YVONNE GIPSON,                  :

5              Plaintiff       : Civil Action No.

6         v.                   : 05-1184 (JMF)

7    WELLS FARGO HOME MORTGAGE,INC.

8              et al.,         : Civil Action No.

9              Defendants      : 00-2865 (JMF)

10   - - - - - - - - - - - - - - -X

11              DEPOSITION OF CLIFFORD FROHN

12                    Washington, D.C.

13                    Wednesday, June 14, 2006

14        Deposition of CLIFFORD FROHN, called for

15   examination at 9:40 a.m., at the law offices of Robert

16   C. Seldon & Associates, P.C., 1319 F Street, N.W., Suite

17   305, Washington, D.C., before Gary S. Howard, a notary

18   public in and for the District of Columbia, when were

19   present on behalf of the respective parties:

20

21

22

Page 77

1  exclusive list, of considerations that went into
2  what action to take in response to findings of the
3  fraud committee that company policy had been
4  violated.
5          Is that right or wrong?
6    A    I'm sorry. Would you repeat that, please?
7    Q    Yes. My understanding of your testimony,
8  but it's your testimony that counts, is that you
9  have given us a nonexclusive list of factors that
10 went into considering what response to take when
11 the fraud committee found that a home mortgage
12 consultant or other residential mortgage loan
13 originator had violated company policy.
14         Is that right?
15   A    They would give me their findings and
16 their recommendations.
17   Q    Correct. But I'm talking about the
18 decision, the action being posed.
19   A    Right.
20   Q    And you gave me a list, I believe, or a
21 partial list of factors to be considered in making
22 that final decision.

```
 1      A     I'm sorry. I don't recall giving you the
 2   factors.
 3            What were those?
 4      Q     Maybe you could say -- do you know the
 5   factors?
 6            MS. KHAN:  Objection.
 7            THE WITNESS:  The factors are based on
 8   the facts in the case.
 9            MR. SELDON:  Correct. And what --
10            THE WITNESS:  So the severity.
11            MR. SELDON:  Correct.
12            THE WITNESS:  Frequency.
13            MR. SELDON:  Okay.
14            BY MR. SELDON:
15      Q     Prior warning?  Did that figure in?
16      A     I'm sorry. When you say, prior warning,
17   do you mean as a recommendation or --
18      Q     No. A decision.
19      A     Or had people been given prior warning in
20   the past?  Is that what you mean?
21      Q     Correct.
22      A     If they had been given prior warning,
```

Case 1:05-cv-01184-JMF   Document 26-6   Filed 07/20/2006   Page 4 of 5

Page 106

```
 1      Q     I could be wrong. I thought that was
 2   something.
 3      A     No.
 4            MS. KHAN:  He remembers taking fax
 5   documents. It's worded differently.
 6            THE WITNESS:  I was going to say --
 7            MR. SELDON:  Okay.
 8            THE WITNESS:  -- what I remember are the
 9   third and fourth -- I believe what I said was the
10   third and fourth bullet points.
11            That's what I remember.
12            MR. SELDON:  Okay.
13            BY MR. SELDON:
14      Q     So, in other words, let's just get it
15   straight. Thanks, Karen.
16            It wasn't a question that someone
17   reported to you that Ms. Gipson had taken documents
18   from realtors, but that she had taken fax documents
19   from realtors, is what was reported to you.
20      A     Yes, sir.
21      Q     Okay. And then, was it your understanding
22   from the fraud risk management group that the
```

MGB Reporting, Inc.
Tel: 800-245-2528 Fax: 888-983-8016

Page 107

1  originals were never provided?

2      A    I don't remember.

3      Q    Okay. Did you know that one way or

4  another, up until the time that Ms. Gipson was

5  terminated?

6           MS. KHAN:  The originals of the faxed

7  information?

8           MR. SELDON:  Correct.

9           MS. KHAN:  Okay.

10          THE WITNESS:  I don't remember. And it's

11 not on this document. It may have been part of

12 their findings.

13          BY MR. SELDON:

14     Q    But it doesn't come to mind that way, I

15 take it.

16     A    No, sir.

17     Q    Okay. Have not reviewed the documents

18 that Ms. Gipson received from realtors.

19          Does that stimulate your recollection in

20 any way?

21     A    Yes, it does.

22     Q    What does it trigger for you?