IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONNE GIPSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action Nos.: 1:00cv 02865 (JMF) |
| ) | 1:05cv 01184 (JMF) |
| vs. ) | |
| ) | Next Scheduled Event: <u>10/16/06</u> |
| WELLS FARGO BANK, N.A., ) | Pretrial Conference |
| ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION IN *LIMINE*

**COMES NOW**, Wells Fargo Bank, N.A., (hereinafter "Defendant" or "Wells Fargo"), by and through its undersigned attorneys, and in accordance with the Pretrial Procedures Order of this Court, hereby files the instant reply in support of it's motion in *limine*.

### ARGUMENT

### FIRST LIMITING REQUEST

### GIPSON SHOULD BE PRECLUDED FROM TESTIFYING ABOUT HER PRIOR HEALTH PROBLEMS AND CAR ACCIDENT

In Opposition, Gipson largely confirms that – if permitted– she will attempt to turn this trial into a referendum of her various medical ailments, including her diagnosis and surgery for breast cancer, her fear of risk for reoccurrence, her course of treatment with a psychotherapist, her hair loss and high blood pressure during periods of extreme stress "both during and after her employment," as well as the fact that she was involved in a single-car collision shortly before her termination. (Opp., pp. 4-5). At the risk of stating the obvious, these conditions have nothing to

1

do with Gipson's individualized discrimination and retaliation claims, have no probative value of any kind, and present substantial risk of prejudice of inflaming a jury and further evoking the sympathies of the jury, which is exactly what she plans to do.

Notably, Gipson does not dispute that her medical history and car accident are not relevant to establishing liability at trial. Nor does Gipson dispute that medical testimony would be needed to establish some type of causal link between her medical conditions and Wells Fargo's supposed actions, and that she has no medical experts. However, while Gipson states that she does not intend to testify that Defendant's actions "medically caused" her conditions, her proposed testimony of how her cancer, car accident and other medical conditions "coincided" with events at Wells Fargo are certainly designed to give this very appearance. This testimony is highly objectionable.

While Gipson claims that this testimony is necessary to advance her demand for compensatory damages, she can certainly testify regarding her anxiety, humiliation, and assorted concerns relative to her non-selection and discharge, but allowing her to testify about the horrors of her breast cancer surgery, treatment, and fears of recurrence present a grave risk of influencing a jury and confusing them about the real issues in this case. Further, while Gipson claims there is "no credible argument" to be made concerning the dangers of her testimony, courts in various jurisdictions have recognized just how inflammatory evidence of cancer can be. This issue often arises in asbestos or mass tort litigation, where a plaintiff attempts to cite the existence of cancer or a fear of developing cancer based on exposure to known risks. Even in such a context – which

has a far greater nexus to the actual claims than in this case– courts have recognized that "evidence of cancer is so prejudicial that in the absence of expert medical testimony that a 'reasonable degree of medical certainty' exists that plaintiff will develop cancer, such evidence should be excluded." O'Banion v. Owens-Corning Fiberglass Corp., 968 F.2d 1011 (10th Cir. 1992)(collecting cases). *See also* Smith v. A.C. & S, Inc., 843 F.2d 854 (5th Cir. 1988)(... "cancer evidence is highly inflammatory and understandably incites the passions and fears of most reasonable individuals..."). Even in a criminal matter, where an individual convicted of robbery and assault appealed the trial court's in limine order prohibiting testimony that he had cancer as affecting his state of mind, the appellate court affirmed finding the proposed testimony irrelevant and highly prejudicial. State v. Hurdle, 85 Conn.App. 128 (Conn. 2004). As with these cases, Gipson cannot establish that such testimony would have any probative value of any kind, much less that the value of such testimony would not be substantially outweighed by its guaranteed prejudicial effect. Fed. R. Evid. 403. Wells Fargo's first limiting instruction should be granted.

**THIRD LIMITING REQUEST**

GIPSON SHOULD BE PRECLUDED FROM OFFERING
HER ESTIMATION OF HER OWN PERFORMANCE AT WELLS FARGO

At the outset, Gipson does not challenge in Opposition that it would be highly improper for her co-worker – Patrician Henderson – to offer testimony concerning Gipson's alleged performance at Wells Fargo. (Opp., p. 6, fn. 5). Given her failure to dispute this, this Court should grant this aspect of the proposed limiting instruction as conceded. With regard to Gipson's attempt to offer subjective testimony evaluating her own performance, Wells Fargo

stands by the arguments originally noted. The case law is clear that it is Wells Fargo's perception of performance – not that of Gipson– that controls. Waterhouse v. District of Columbia, 124 F. Supp. 2d 1, 7 (D.D.C. 2000)("Plaintiff cannot establish pretext simply based on her own subjective assessment of her own performance, for 'plaintiff's perception of h[er]self, and h[er] work performance is not relevant. It is the perception of the decision-maker which is relevant.")(citations omitted); DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998) ("[W]e have repeatedly explained that 'it is the perception of the decision-maker which is relevant, not the self-assessment of the plaintiff'…. Similarly, that plaintiff's co-workers 'may have thought that [she] did a good job, or that she did not 'deserve [to be discharged] is close to irrelevant.'"). Wells Fargo's third limiting instruction should be granted.

## FOURTH LIMITING REQUEST

### GIPSON SHOULD BE PRECLUDED FROM OFFERING HER SUBJECTIVE COMPARISON OF HER QUALIFICATIONS VERSUS THAT OF THE SUCCESSFUL APPLICANT

Gipson apparently mistakes the nature of Wells Fargo's objections as set forth in the proposed limiting instructions. Wells Fargo is not asserting that Gipson cannot offer testify at trial regarding her own experience and performance relative to the position of Branch Manager, but rather that she should be prohibited from attempting to belittle and compare the background of the successful applicant, John Settles. It is settled that a "plaintiff's opinion of the relative merits of her credentials as opposed to those of the selected individual is irrelevant." Buggs v. Powell, 293 F.Supp.2d 135 (D.D.C. 2003)(citations omitted). For the reasons set forth herein and

in the original motion, this limiting instruction should be granted.

## SIXTH LIMITING REQUEST

### THE TESTIMONY OF VICKIE GIPSON

In light of Gipson's statements in Opposition, and subject to the arguments made in Wells Fargo's first limiting request, above, Wells Fargo does not challenge – at this time– the proposed testimony of Vickie Gipson, and will address any issues concerning her testimony at trial.

## CONCLUSION

For the forgoing reasons, Wells Fargo respectfully requests that this Court grant the motion in *limine* and issue an appropriate limiting Order consistent with the arguments herein.

Respectfully submitted,

**KHAN ROMBERGER PLLC**

BY:_____
/s/

Karen A. Khan, Esquire
D.C. Bar No. 455297
Timothy W. Romberger, Esquire
D.C. Bar No. 458225
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20036
(202) 828-1243
**ATTORNEYS FOR DEFENDANT**

Dated:  October 12, 2006