00001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - -X
YVONNE GIPSON,          :
                        :
    Plaintiff,          :
                        :
vs.                     : Civil Action No.
                        : 05-1184 (JMF)
WELL FARGO HOME         :
MORTGAGE, INC.,         :
                        :
    Defendant.          :
- - - - - - - - - - - - -X
YVONNE GIPSON,          :
                        :
vs.                     : Civil Action No.
                        : 00-2865 (JMF)
WELLS FARGO CORPORATION, :
et al.,                 :
                        :
    Defendants.         :
- - - - - - - - - - - - -X

DEPOSITION OF TAMARA KAY PATTISON,
taken by the Counsel for the Plaintiff before Eileen
Hicks, Certified Shorthand Reporter of the State of
Iowa, at 317 Sixth Avenue, Suite 606, Des Moines,
Iowa, commencing at 12:25 p.m., Tuesday, May 23, 2006.
EILEEN HICKS - CERTIFIED SHORTHAND REPORTER

```
00065
 1  this recommendation to?
 2  A.  Not that I recall.
 3  Q.  Okay.  Was there anyone else who in keeping
 4  with standard operating procedure, if there was one,
 5  for Wells Fargo, to whom this information would have
 6  been--this consensus and recommendation would be
 7  conveyed?
 8  MS. KHAN:  I object to the form.  There's no
 9  foundation.
10  BY MR. SELDON:
11  Q.  Is there a standard operating procedure for
12  to whom these recommendations or consensus should be
13  conveyed, which managers?
14  A.  Which managers?
15  Q.  Yes.
16  A.  Normally we just go to the two up manager,
17  meaning Yvonne wasn't a manager herself so we would
18  go two up from her, which would be Leo.
19  Q.  Who would her immediate manager have been?
20  Harper?  That's okay.  But it's not something --
21  A.  I don't really remember.
22  Q.  So you go up to Mr. Natali?
23  A.  Yes.
24  Q.  And also Mr. Frohn?
25  A.  We also included Mr. Frohn, yes.
```

00066
1  Q.  Why is that?
2  A.  I guess I don't recall at this time.
3  Q.  Let me back up and tell you he's the third
4  senior.
5  A.  Yes.
6  Q.  That's all right.  I just wanted to make
7  sure there wasn't somebody else there.
8  And is that the standard business practice
9  that you employed in conveying consensus or
10  recommendations from fraud committee to area
11  managers?
12  A.  Yes.
13  Q.  What's the purpose of conveying it to the
14  second line supervisor, in this case Mr. Natali?
15  A.  Because they're responsible for a larger
16  group than just that particular branch, and so we
17  want to make sure that they're not only handling that
18  branch in a particular way, but they're being
19  consistent across all of their groups as well.
20  Q.  So I guess what we should say is Mr. Frohn
21  was what, the director of the MidAtlantic region?
22  A.  He was the regional manager, yeah, of the
23  MidAtlantic.
24  Q.  And Mr. Natali was what?
25  A.  The area manager.