UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**YVONNE GIPSON,**                  )
                                    )
    **Plaintiff,**              )
                                    )
    v.                          )    **Civil Action No. 00-2865 (JMF)**
                                    )    **Civil Action No. 05-1184 (JMF)**
**WELLS FARGO N.A.,**               )
                                    )
    **Defendants.**             )
_____)

**MEMORANDUM OPINION AND ORDER**

Before me in this action are Plaintiff's Motion to Strike Defendant's Amendment to Pre-Trial Statement and Expert Designation [#86] as well as Defendant's Request to Continue Trial Date [#87]. As explained herein, both motions are denied.

Whether plaintiff may call the expert witness she has hired first arose during a telephone conference on June 20, 2006. Defendant indicated that it believed that plaintiff's expert would be offering inadmissible evidence. In a notice, I pointed out that the defendant would have the opportunity to attack the admissibility of plaintiff's expert testimony in replying to plaintiff's opposition to any motion for summary judgment defendant would file. Insofar as plaintiff relied on such testimony to establish that the reasons given by the defendant for terminating plaintiff were pretextual, the defendant could counter that the expert testimony upon which plaintiff relied was inadmissible.

Defendant moved to strike plaintiff's expert testimony on June 26, 2006 but, unfortunately, I did not resolve it at that point. Instead, having reviewed the arguments made in that motion, the thereafter filed motion for summary judgment, and the parties' motions in

limine, I announced at the pre-trial conference on October 16, 2006, that I would deny the defendant's motion to strike. Defendant then amended its pre-trial statement to add an expert witness. Plaintiff understandably protests that the disclosure of that witness was due on June 29, 2006.

Plaintiff's motion certainly has merit. I regret not realizing in June that what I said in the notice only resolved one part of the problem–whether the plaintiff's expert testimony could be relied upon in opposing the motion for summary judgment. It did not resolve whether, if I rejected the defendants' objection, Wells Fargo would want to hire an expert of its own. But, trial lawyers know that in their profession sometimes one has to wear a belt and suspenders. Wells Fargo's not hiring an expert to be prepared to counter plaintiff's expert and not naming that person, even if it was a conditional naming of an expert, seems improvident. It surely would have saved us from the problem we face now.

I am committed to preserving the trial date. This case has been delayed and I am concerned about additional delay even if it is only for two or three weeks. Moreover, I know that busy trial lawyers and busy judges have to set trial dates well in advance and then keep them lest their calendars become disaster areas.

I propose the following solution. I will first require Wells Fargo to have its expert report ready in final form for plaintiff's review within 48 hours of this Order if it has not already been produced. The parties should proceed with their plans to take the expert's deposition by October 31, 2006. I appreciate that plaintiff can justly complain that the obligation to prepare for that deposition–and take it–on an expedited basis will take away from time that would otherwise be devoted to preparing for trial. To that end, I will, at plaintiff's option, postpone the start of the trial one day to permit her to recapture time lost.

Accordingly, it is, hereby, **ORDERED** that

1. Plaintiff's Motion to Strike Defendant's Amendment to Pre-Trial Statement and Expert Designation [#86] is **DENIED**; and it is further **ORDERED** that

2. Defendant's Request to Continue Trial Date [#87] is **DENIED**; and it is further **ORDERED** that

3. Plaintiff's counsel is to contact this Court by November 2, 2006, if she wishes to postpone the start of the trial from November 6, 2006, to November 7, 2006.

   **SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: