**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| YVONNE GIPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No. 00-2865 (JMF)** |
| ) | **Civil Action No. 05-1184 (JMF)** |
| WELLS FARGO BANK N.A., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OPINION AND ORDER**

Before me are several motions in limine; Defendant's Motion in Limine [#70] and

Plaintiff's Motions in Limine, First through Fourth [#66], [#67], [#68], and [#69].  For the

reasons stated herein, all motions will be denied.

I.      *Defendant's Motion in Limine*

        A.      Preclusion of Gipson's Testimony Relating to Health

        Wells Fargo Bank, N.A. ("Wells Fargo") moves in limine to preclude Gipson from

offering evidence as to (1) her surgery for breast cancer; (2) that she was treated by a

psychotherapist; (3) suffered hair loss and (4) was involved in a car accident.  Wells Fargo insists

that there is no evidence whatsoever that her termination caused any of these events.  Gipson

concedes as much but insists that she has the right to have the jury know of her condition prior to

her termination so that it can fairly judge what it should award her for the emotional distress that

her termination caused her.  Gipson counters that defendant "takes her as it finds her" and is

responsible for all damages proximately caused, even if her mental state was already fragile.

        Gipson is right and Wells Fargo cannot challenge that principle.  By the same token, I

will make sure that the jury understands the reason for the admission of such evidence and

caution them, as I always do, that their verdict may not be based on sympathy for any person or

prejudice against her.

        B.      Preclusion of Gipson's Testimony Regarding Her Job Performance

Wells Fargo also tries to preclude Gipson from testifying or producing witnesses attesting

to her performance of her duties.  It also contends that she should not be able to compare her

qualifications with the person who got the job that she did not.  Gipson counters that she intends

to rely on evaluations by Wells Fargo and, in any event, she has the right to testify about her own

performance and qualifications.

In my view, the parties are mistakenly relying on discrimination or retaliation cases that

deal with whether plaintiff, confronted with a motion for summary judgment, has presented

sufficient evidence to create a genuine issue of material fact.  In such a situation, a plaintiff's

evaluation of her own abilities and vis-a-vis someone else may not create such a genuine issue.  It

hardly follows, however,  that a plaintiff cannot point to her boss's evaluation of her

performance, her own evaluation of that performance, and her qualifications vis-a-vis someone

else's performance and evaluation.  Surely, such testimony is relevant; without it, one wonders

how a plaintiff in a discrimination or retaliation case could make her case.

Defendant's Motion in Limine is denied.[1]

II.     *Plaintiff's First and Second Motions in Limine*

In my Memorandum Opinion denying Defendant's Motion for Summary Judgment, I

---

[1]  Issues raised by Defendant on its Motion that were resolved in the briefing process are not addressed in this Memorandum Opinion, as doing so is unnecessary.

concluded that whether persons proposed to be comparators to plaintiff are similarly situated is a question of fact for the jury.  Hence, since I cannot say as a matter of law that they cannot be compared, I will not preclude either party from drawing comparisons between plaintiff and other persons.  Again, I note that a court's saying, as a matter of law, that no reasonable person could find  plaintiff similarly situated to another person in the context of ruling on a motion for summary judgment is entirely different from its precluding a party from presenting evidence at trial that makes that comparison and permits the finder of fact to determine whether the two persons can be legitimately compared.

Plaintiff's First and Second Motions in Limine are denied.

III.    *Plaintiff's Third Motion in Limine*

Gipson seeks to exclude certain witnesses and evidence allegedly not produced or not timely disclosed by Wells Fargo.

In its answer to the complaint in this action, Wells Fargo asserted as potential defenses after-acquired evidence and failure to mitigate damages.  On April 12, 2006, I held a conference with counsel to resolve outstanding discovery problems.  One of those problems was whether the defendant had any evidence as to mitigation of damages and after-acquired evidence, i.e., misconduct other than that which led to her discharge.  Plaintiff's counsel wrote a letter dated April 12, 2006, summarizing the issue that had been resolved.  It indicated that defendant has neither responsive information nor documents pertaining to mitigation of damages but that it would provide "any such responsive materials by way of supplementary discovery response no later than 7 days from the close of discovery."[2]

---

[2]  Plaintiff's Third Motion in Limine, Ex. 2, Letter of Robert C. Seldon, April 12, 2006.

During her deposition, plaintiff revealed that she had been involuntarily discharged from her position as a loan originator at North American Mortgage in 1996, the job she held immediately before she worked for Wells Fargo.  In her application for employment with Wells Fargo, plaintiff indicated her employment at North American Mortgage but left blank the box where she was requested to provide "Reason for Leaving."[3]  The application warned her that misrepresentation of any of the contents of the application was cause for termination; she indicated by her signature that her answers on the application were true and correct and that she had not knowingly withheld any fact or circumstance that would, if disclosed, affect her application unfavorably.[4]

During the deposition, plaintiff indicated that after she was not promoted she never sought the Branch Manager position with Wells Fargo, even after the man who got it left Wells Fargo in 2001.  Wells Fargo seeks to offer that statement insisting that it bears on mitigation of damages.

As to the latter, there is no reason to resolve the question because mitigation of damages goes to the back pay award that I will resolve if liability is established.  See Lebron v. Powell, 217 F.R.D. 72 (D.D.C. 2003).  As to the former, within the deadline specified in the Seldon letter quoted above and in response to interrogatory number 7, Wells Fargo advised Seldon that it would assert that plaintiff would have been terminated for omitting the fact that she was

---

[3]  Defendant's Opposition to Plaintiff's Third Motion in Limine, Ex. 2.

[4]  Id.

involuntarily terminated from North American Mortgage on her employment application.[5]

Despite that disclosure, plaintiff moves to preclude Wells Fargo from asserting that defense and using the application as evidence for not disclosing it earlier than it did.

The claim rings hollow.

First, an interrogatory asked plaintiff to identify every employer through whom she gained experience in real estate, real estate financing, and management, and plaintiff did not even mention North American Mortgage, although in her application for employment she stated "originates mortgage loans" when she was asked for a "Brief description of your responsibilities."[6]

Second, plaintiff does not deny nor can she that Wells Fargo did not know that her termination was the reason for leaving North American Mortgage until her deposition; she had, after all, left the section of the application that asked for that information blank. It was impossible for Wells Fargo to disclose what it did not know until plaintiff's deposition.

Plaintiff's Third Motion in Limine is denied.

IV.    *Plaintiff's Fourth Motion in Limine*

Gipson seeks to limit the timing of testimony by a witness for Wells Fargo. I do not impose time limitations on a witness's testimony shorter than the time listed in the pre-trial statement by the party who will call that witness. I think that counsel should try their cases as they see fit. If they do not know when they are belaboring an issue and spending too much time

---

[5] Plaintiff's Third Motion in Limine, Ex. 2, Letter of Timothy W. Romberger to Robert C. Seldon, June 20, 2006.

[6] Defendant's Opposition to Plaintiff's Third Motion in Limine, Ex. 2.

on it, juries have a remarkable ability to let them know. *Verbum sapientiae satis*.

Plaintiff's Fourth Motion in Limine is denied.

### CONCLUSION

Accordingly, it is, hereby, **ORDERED** that

1.    Defendant's Motion in Limine is **DENIED**; and it is further **ORDERED** that

2.    Plaintiff's First Motion in Limine is **DENIED**; and it is further **ORDERED** that

3.    Plaintiff's Second Motion in Limine is **DENIED**; and it is further **ORDERED** that

4.    Plaintiff's Third Motion in Limine is **DENIED**; and it is further **ORDERED** that

5.    Plaintiff's Fourth Motion in Limine is **DENIED**.

     **SO ORDERED.**

                                          _____
                                          JOHN M. FACCIOLA
                                          UNITED STATES MAGISTRATE JUDGE

Dated: