UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**YVONNE GIPSON,**                  )
                                    )
    **Plaintiff,**                )
                                    )
    v.                           )    Civil Action No. 00-2865 (JMF)
                                    )    Civil Action No. 05-1184 (JMF)
**WELLS FARGO BANK N.A.,**          )
                                    )
    **Defendant.**               )
_____ )

### MEMORANDUM OPINION AND ORDER

Before me is Defendant's Emergency Motion for Protective Order [#100], which seeks to quash plaintiff's Notice of Deposition to take the depositions of Charles Vance and Phil Hall on November 1, 2006. For the reasons stated herein, I will grant the motion as to Phil Hall and deny the motion as to Charles Vance.

### BACKGROUND

In its answer to the plaintiff's complaint, defendant raised two affirmative defenses: (1) failure to mitigate damages and (2) after-acquired evidence that plaintiff engaged in misconduct to warrant her termination. Early in discovery, plaintiff submitted interrogatories regarding the factual basis of these two affirmative defenses, to which defendant provided no information. This led to an informal conference call between this Court and both parties on April 11, 2006. During the call, defendant explained that it had no information about these defenses, but Wells Fargo wanted to keep the defenses open in case depositions revealed factual support during the discovery phase. Gipson, on the other hand, was concerned that she did not have enough information to adequately conduct comprehensive depositions. This Court proposed having the

defendant indicate within seven days after the last relevant deposition whether it would proceed with these defenses. The discovery deadline was extended from June 1 to June 14, 2006.

Following the close of discovery, additional telephone conferences, and defendant's filing of motions for summary judgment and to strike the plaintiff's expert, the Court engaged in another telephone conference call with counsel on July 20, 2006, at plaintiff's request regarding another discovery dispute. According to Gipson, the dispute related to two issues raised on the conference call of April 11, 2006. Specifically, plaintiff claimed that Wells Fargo failed to provide timely supplemental interrogatory responses regarding the two previously described affirmative defenses. The depositions of Charles Vance and Phil Hall had taken place on June 14–the last day of discovery–and without the interrogatory responses, plaintiff argued that she could not effectively depose the two witnesses at that time regarding the affirmative defenses. Gipson claimed the supplementation was untimely because evidence regarding the affirmative defenses surfaced at Gipson's deposition on May 16, 2006, yet the interrogatory responses were not provided until around June 27, 2006–after the close of discovery and therefore beyond the date whereby plaintiff could depose Charles Vance and Phil Hall regarding the affirmative defenses.

In response, Wells Fargo argued that the interrogatories were timely due to the agreement reached in the telephone conference of April 11, where parties agreed defendant would supplement its interrogatories to reflect any failure to mitigate or misconduct defense within seven days following the close of discovery. At that time, the Court offered "plaintiff the opportunity to resume Mr. Vance's deposition and to take Mr. Hall's deposition." <u>Memorandum of Points and Authorities in Opposition to Defendant's Emergency Motion for a Protective Order</u>

at 1. Plaintiff declined and asserted belief in the evidence to defeat these defense on summary judgment, thereby delaying–by its own decision–resolution of the issue until the Court ruled on defendant's dispositive motion. Id.

At the close of the conference call, parties agreed to flesh out the issue in summary judgment briefing. Two weeks before issuing its ruling on the summary judgment motion, plaintiff filed a motion in limine to disallow the failure to mitigate defense and to prevent the admission of any after-acquired evidence relating to the misconduct defense. This Court then denied defendant's motion for summary judgment as well as plaintiff's motion in limine. Plaintiff now seeks to depose Charles Vance and Phil Hall in light of this Court's ruling on plaintiff's motion in limine.

## ANALYSIS

I.  Phil Hall

This Court can find no authority to allow it to order a deposition over Phill Hall, who is located in Des Moines, Iowa, by telephone or otherwise. As a non-party to this action who is located well over 100 miles from this Court's jurisdiction, Mr. Hall is not subject to the subpoena power of this Court. Judicial Watch, Inc. v. United States Dept. of Commerce, 34 F. Supp. 2d 28, 46 n.14 (D.D.C. 1998). To allow a deposition would abrogate Federal Rule of Civil Procedure 45, which permits a subpoena to issue only for deponents located within 100 miles of this Court. FED. R. CIV. P. 45(b)(2); see also Fleming v. Ford Motor Co., No. Civ.A. 05-1333, 2006 WL 566109, at *3 (D.D.C. Mar. 7, 2006). A deposition by telephone cannot evade the proscription of the Rule. Plaintiff provides no authority to support its notice of deposition to Phil Hall. As a result, and in simple acknowledgment of the rules of this Court, defendant's motion

for a protective order as to the deposition of Phil Hall is granted.

II.   Charles Vance

Equities exist for both parties as to an additional deposition of Charles Vance. The matter would have been more easily addressed had plaintiff requested re-opening discovery for the limited purpose of deposing Charles Vance on the affirmative defenses following her receipt of the supplemental interrogatories. But, the Court will allow an additional deposition of Charles Vance in light of the ambiguity resulting from various telephone conference calls with counsel on the matter, and especially given that the testimony of this witness is a crucial element of this case. The additional deposition will be limited to one hour and must occur between now and the start of trial at a time mutually agreeable to the parties and the witness. If no such time can be found, then the deposition will be taken one hour prior to the start of trial on November 6, 2006.

## CONCLUSION

Accordingly, it is, hereby, **ORDERED** that

1. Defendant's Motion for Protective Order is **GRANTED in part**, as relating to the deposition of Phil Hall; and it is further **ORDERED** that

2. Defendant's Motion for Protective Order is **DENIED in part**, as relating to the deposition of Charles Vance; and it is further **ORDERED** that

3. The deposition of Charles Vance is limited to one hour and must take place between now and the start of trial at a mutually agreeable time. If no such time is found, the deposition will take place the morning of trial.

**SO ORDERED.**

                                                            _____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: