UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YVONE GIPSON,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Civil Action No. 00-2085 (JMF)<br>Civil Action No. 05-1184 (JMF) |

**ORDER**

Following the final pretrial conference held on October 31, 2006, the following is, hereby, **ORDERED**:

**I.**  **Supplemental Briefs**

Additional briefing is hereby permitted pursuant to defendant's request for reconsideration as to inclusion of plaintiff's breast cancer diagnosis and treatment as conditions of her mental state for consideration of compensatory damages. Defendant is ordered to submit a brief to this Court no later than close of business November 1, 2006. Plaintiff is ordered to respond no later than close of business November 3, 2006. Each brief is not to exceed ten pages in length.

**II.**  **Witnesses**

    A.    <u>Additional Witnesses</u>

Neither party may call any witness who is not listed in the Joint Pretrial Statement.

    B.    <u>Objections to Witnesses</u>

As indicated in the Joint Pretrial Statement, plaintiff objects to the testimony of Mr. Cliff Frohn regarding prior disputes about co-workers, subordinates, and managers raised in the years

following plaintiff's hire.  The Court will rule on the objection during trial as it hears the relationship of that testimony to other testimony provided.

## III.   Damages Award

Parties agree to the bifurcation of trial and the award of punitive damages.  Following the initial jury verdict, depending on its outcome, this Court will instruct the jury on punitive damages if needed.

Prior to trial, the Court will conference with parties regarding the presentation to the jury of the question of back pay and liquidating damages pursuant to a private age discrimination claim.

## IV.   Privacy

As litigation moves into a public trial, parties agree that all entered exhibits shall become part of the record and all testimony shall be public.  Parties agree to take precaution to avoid needless references to borrower information and identification.

## V.   Voir Dire

Parties are ordered to work together and submit to this Court an agreeable proposed *voir dire* by close of business November 3, 2006.  If parties are unable to agree on *voir dire*, the Court will provide its own.

## VI.   Exhibits

   A.   Additional Exhibits

Neither party may offer any exhibit that is not listed in the Joint Pretrial Statement.

   B.   Objections to Exhibits

      (1)  Plaintiff's Exhibit 16: Defendant's objection is withdrawn.

      (2)  Plaintiff's Exhibit 17: The Court would like to see the Chart of Investigations

and Discipline prior to trial. Plaintiff is ordered to provide a copy of Plaintiff's Exhibit 17 to the Court by close of business Friday, November 3, 2006. This Court will then hold a *voir dire* with parties prior to trial regarding admissibility of Plaintiff's Exhibit 17.

(3) Plaintiff's Exhibits 18-20: These exhibits go to the possible award of punitive damages. Each exhibit will be dealt with at the appropriate time during trial. Each party's objections to these exhibits are preserved until then, at which point the Court will rule on objections as the exhibits are offered.

(4) Plaintiff's Exhibit 27: Defendant's objection is withdrawn.

(5) Defendant's Exhibit 20: Plaintiff's objection to the admissibility of Defendant's Exhibit 20 is sustained. Defendant's Exhibit 20 is ordered stricken.

### VII. Plaintiff's Notice of 30(b)(6) Deposition

Also before the Court is Defendant's Emergency Motion to Strike Notice of 30(b)(6) Deposition, for Protective Relief, and for Sanctions [#108] ("Motion to Strike"). For the following reasons, the Motion to Strike is **DENIED**.

Hindsight is usually 20/20, as this instance shows. It certainly would have been prudent of plaintiff to conduct the stated deposition as discovery and various motions remained pending. That being said, however, a consideration of the burden to defendant and the importance of the deposition to trial has led the Court to exercise its discretion and allow the deposition under the following conditions. The deposition must be limited to one representative and take place within one hour. The deposition may occur in person or via telephone, FED. R. CIV. P. 30(b)(7), at a mutually agreed upon time. If no such time is found, then the deposition shall take place Monday, November 6, 2006, prior to the start of trial. As the organization to be deposed is the defendant, as opposed to a third-party, no subpoena is necessary. FED. R. CIV. P. 30(b)(6). The

subject matter of the deposition is limited to the policies and procedures of Wells Fargo upon learning that an employee made false statements on an employment application or omitted information required for an employment application. Furthermore, questions regarding employees other than plaintiff are limited to the employees named in the notice of deposition. The request for any additional protective relief and for sanctions is **DENIED**.

    **SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: