UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**YVONNE GIPSON,**                  )
                                    )
    **Plaintiff,**               )
                                    )
    v.                          )    **Civil Action No. 00-2865 (JMF)**
                                    )    **Civil Action No. 05-1184 (JMF)**
**WELLS FARGO BANK N.A.,**          )
                                    )
    **Defendant.**               )
_____ )

**MEMORANDUM OPINION AND ORDER**

Before me is <u>Defendant's Motion for Reconsideration of Ruling Concerning Testimony of Gipson's Health Issues Prior to October of 1998</u> [#112] ("Defs. Mot."). Wells Fargo Bank N.A. ("Wells Fargo") asks the Court to prevent Gipson or others on her behalf from testifying concerning her medical conditions prior to October of 1998. Specifically, Wells Fargo states the binding release of claims Gipson signed in 1998 released defendant "from any and all known or unknown claims, including those pertaining to 'emotional distress.'" Defs. Mot. at 2. Defendant argues Gipson cannot now reach back in time to offer testimony regarding medical treatments prior to October of 1998.

Wells Fargo's position is without merit. The case cited by Wells Fargo is inapposite. <u>Morgan v. Fed. Home Mort. Corp.</u>, 172 F. Supp. 2d 98, 106 (D.D.C. 2001) ("it is not disputed that the broad language of the Release covers all discrimination and retaliation claims *arising prior to its effective date*") (emphasis added). Here, Gipson brings no claims based on Wells Fargo's actions prior to the signing of the release agreement. Gipson's discrimination and retaliation claims arise out of events following the signing of the release agreement. The fact that

Gipson withstood medical treatment prior to the signing of the release agreement does not eliminate the possible ongoing effects of that treatment after the signing of the release agreement. As this Court stated in its earlier opinion, Gipson is right that defendant "takes her as it finds her." If the effect of Gipson's medical treatment affected injuries sustained as a result of Wells Fargo, then the jury is to decide the extent of those injuries. This Court reiterates to counsel that it will instruct the jury to insure a verdict will not be based on sympathy or prejudice.

For the reasons stated, it is therefore **ORDERED** that Defendant's Motion for Reconsideration [#112] is denied.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: