UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YVONNE GIPSON, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>WELLS FARGO BANK N.A., )<br>)<br>    Defendant. )<br>) | Civil Action No. 00-2865 (JMF)<br>Civil Action No. 05-1184 (JMF) |

**MEMORANDUM OPINION**

Developments in this case have caused me to clear some brush with reference to the significance of the evidence that the defendant learned during plaintiff's deposition that she did not indicate in her employment application that she had been terminated from the job she had immediately before she came to work for Wells Fargo. During the trial, plaintiff admitted that she did not indicate that she had been terminated because she was ashamed.

The defendant has proceeded upon the notion and therefore proposed a jury instruction that, if it proves that " it would have made the same decision to not select her [plaintiff] based on this after acquired evidence [her not admitting she had been terminated]", you should limit any award of back pay to the date Wells Fargo would have made the decision not to promote her as a result of the after-acquired evidence." Joint Pre-Trial Statement at 40. Since there is both a promotion claim, based on plaintiff's not getting a certain position, and a termination claim, based on her being fired, the defendant seeks an identical instruction as to the termination claim.

Additionally, an evidentiary question has now arisen. The jury has heard the testimony of

Charles Vance that he would not have hired her in 1996 had he known that she had been fired from her prior job. We anticipate the testimony of Phil Hall whose deposition was taken pursuant to rule 30(b)(6) and who will describe the defendant's policy as to persons who make misrepresentations on their employment applications.

Vance, who has not supervised plaintiff since January 1998 and who was not supervising her when she was terminated, was precluded from testifying that he would have terminated her in any event after she left his supervision.

At this point in the trial, the jury has not yet heard evidence that, had her subsequent supervisor learned of what she had stated in her application, he or she would have fired her as soon as he or she learned of it, independently of the actual reason for her firing.

It is, of course, common ground that learning during discovery of the plaintiff's misconduct does not bar her claim for relief. Instead, such evidence may restrict the remedies available if that plaintiff prevails. The Supreme Court has stated:

> The proper boundaries of remedial relief in the general class of cases where, after termination, it is discovered that the employee has engaged in wrongdoing must be addressed by the judicial system in the ordinary course of further decisions, for the factual permutations and the equitable considerations they raise will vary from case to case. We do conclude that here, and as a general rule in cases of this type, neither reinstatement nor front pay is an appropriate remedy. It would be inequitable and pointless to order the reinstatement of someone the employer would have terminated, and will terminate, in any event upon lawful grounds.

McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362 (1995).

This principle applies to Title VII cases and, since the principles applicable to Title VII cases apply to DCHRA cases, to them as well. See Castle v. Rubin, 78 F.3d 654, 658 (D.C. Cir. 1996).

Thus, under the clear command of the Supreme Court, the significance of the so-called after acquired evidence relates only to the question of (1) backpay and (2) reinstatement, precluding the latter. Moreover, the back pay reduction, upon proof of the after acquired evidence, terminates the back pay award upon the date of the plaintiff's deposition earlier this year.

The parties to this case have ignored my clear statement in my pre-trial order that I understand the law in this Circuit to oblige the court to determine the questions of back pay and reinstatement as part of my obligation to award equitable relief under the pertinent statutes. See Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 748 (D.C. Cir. 1995)  As has occurred in prior cases, I have resolved issues of fact that may arise. E.g. Glymph v. District of Columbia, 374 F. Supp. 2d 219 (D.D.C.  2005).  While the parties in those cases raised no objection to my doing so, I certainly see no merit to any contention that I thereby am denying either party a right to a jury trial. Back pay under all the statutes at issue in this case is equitable relief and entitlement to it is tried to the court.  Lutz v. Glendale Union High School, 403 F.3d 1061, 1067-71 (9th Cir. 2005) See Kolstad v. Am. Dental Assoc., 108 F.3d 1431, 1440 (D.C. Cir. 1997), vacated on other grounds, 527 U.S. 526 (1999).

I therefore conclude that no jury question arises from the defendant's assertion of its after acquired defense. It therefore follows that:

1.  There will be no further evidence whatsoever pertaining to the statements or omissions in plaintiff's application for employment.

2.  The jury will be instructed to disregard as irrelevant all references to it by any witness to that application and its significance.

3.  The application itself will be stricken from evidence.

    4.    No instruction pertaining to it will be given to the jury.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

November 10, 2006